UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITA L. LOONEY,

        Plaintiff,                            Case No. 04-CV-73514

v.                                       HONORABLE DENISE PAGE HOOD

CITY OF DETROIT, a Municipal
Corporation, POLICE OFFICERS TYRONE
SPENCER, MICHAEL WILLIAMS, DAVID
SALAZAR, EDWARD BRANNOCK,
GREG HUGHES, AHMED HAIDAR, and
TRACY BRADFORD, in their official
capacities, jointly and severally,

        Defendants.
_____/

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**I.  INTRODUCTION**

This matter is before the court on Defendants' Motion for Summary Judgment filed on March 31, 2005.  Plaintiff filed a response to the motion on June 2, 2005.

Plaintiff Rita L. Looney alleges several claims against several Detroit police officers ("Defendant Officers") and against Defendant City of Detroit ("Defendant City").  These claims are based on the search of Plaintiff's home by Defendant Officers.

Defendants move for summary judgment on the following bases: (1) Plaintiff cannot support her claim for gross negligence against Defendant Officers Michael Williams, David Salazar, Edward Brannock, Greg Hughes, Ahmed Haidar, and Tracey Bradford, because Defendant Officer Tyrone Spencer was the only officer that actually physically conducted the arrest; (2) Plaintiff's claims for assault and battery and false imprisonment are barred by the statute of limitations; (3) the claims of

gross negligence and negligent supervision and training against Defendant City are barred by claim preclusion; (4) Defendants did not violate Plaintiff's constitutional rights; and (5) as a result of the above factors, Defendant City and Defendant Officers are not liable for any damages.

For the following reasons, this Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment.

## II.  STATEMENT OF FACTS

On August 29, 2001, Defendant Officers Spencer, Williams, Salazar, Brannock, Hughes, Haidar, and Bradford, of the Detroit Police Department, attempted to execute a search warrant for drugs at Plaintiff's home.  In executing the warrant, Defendant Officers proceeded to the home where they approached Plaintiff and her mother on the porch.  They notified Plaintiff that they had a search warrant.  Plaintiff alleges that Defendant Officers refused to allow her to see the search warrant, and when she resisted their entry into her home, they handcuffed her and put her in the patrol car.  Defendant Officers then took Plaintiff to the police station.  Plaintiff also alleges that during her encounter with Defendant Officers at her residence and at the police station, she notified them of her injuries from the tightness of the handcuffs and the need for prompt attention and treatment by a qualified health care professional.  Despite Plaintiff's requests for medical attention, Defendant Officers allegedly failed to provide Plaintiff with prompt medical attention and/or treatment.

Based upon this incident, Plaintiff filed suit against Defendant Officers and Defendant City. Plaintiff's Complaint asserts four counts: Gross Negligence, Assault, Battery, and False Imprisonment; Deprivation of Constitutional Rights; Negligent Training and Supervision; and Exemplary and Punitive Damages.

2

## III.  APPLICABLE LAW AND ANALYSIS

### A.  Standard of Review

The procedure for considering whether summary judgment is appropriate is found in Fed.

R. Civ. P. 56(c), which states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The evidence must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-159 (1970). Summary judgment will not be granted if a dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary Judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof of trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir.1989). The nonmoving party must adduce more than a mere scintilla of evidence in order to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "show that there is some metaphysical doubt as to the material facts." *Id.* Moreover, "the trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* The nonmoving party has

3

an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact.

### B. Defendant Officers

#### i. State Law Assault and Battery and False Imprisonment Claims

Defendant Officers assert that the statute of limitations has run on the claims of assault and battery and false imprisonment.

> A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section. The period of limitations is 2 years for an action charging assault, battery, or false imprisonment.
> *M.C.L.A. §600.5805.*

Plaintiff's claims of assault and battery and false imprisonment allegedly occurred on August 20, 2001. The deadline for filing a complaint for these claims was August 20, 2003. Plaintiff's initial complaint for these claims was filed on August 17, 2004. As a result, Plaintiff's claims for assault and battery and false imprisonment are barred by the statute of limitations.

#### ii. Gross Negligence

Plaintiff's gross negligence claim is based upon her allegation that Defendants failed to provide her with prompt medical attention allegedly necessitated by her arrest. *(Compl. at 4.)* Defendant Officers assert that they are not liable for Plaintiff's claim of gross negligence that allegedly occurred when Officer Spencer put handcuffs on Plaintiff during her arrest. (*See Defendants' Motion for Summary Judgment, Page 3.)*

> Each officer … is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met: (a) The officer … is acting or reasonably believes he or she is acting within the scope of his or her authority; (b)

4

The governmental agency is engaged in the exercise or discharge of a governmental function; and (c) The officer's … conduct does not amount to gross negligence that is the proximate cause of the injury or damage.  "Gross negligence" is defined as conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.
*M.C.L.A. §691.1407(2).*

In the current situation, Plaintiff first asserts that her handcuffs were too tight, and as a result she suffered some bruising and abrasions to both wrists.  Second, Plaintiff asserts that Defendant Officers did not provide Plaintiff with medical treatment after several requests for medical attention at Plaintiff's residence and at the police station.  The Court finds that a genuine issue of material fact exists with respect to Plaintiff's first assertion.  It is not clear whether Officer Spencer acted or reasonably believed he acted within the scope of his authority, and whether his conduct amounted to gross negligence.  Regarding Plaintiff's second assertion, Plaintiff, in her deposition, stated that she did not at any time ask officers for medical attention.  Plaintiff's statement of facts is the same as that of Defendant Officers.  Plaintiff's deposition statement negates her claim for failure to provide medical treatment.  The Court finds there is no genuine issue of material fact concerning this claim.  Only Defendant Officer Spencer may be liable for Plaintiff's claim of gross negligence for making the handcuffs on Plaintiff too tight.

Defendants city *Sudul v. Hamtramck*, 221 Mich. App. 455 (1997), for the proposition that Plaintiff improperly "alleges that the acts constituting assault, battery, false arrest and false imprisonment are the same acts that amount to gross negligence." *(See Defendants' Motion for Summary Judgment, Page 19.)  Sudul* held that "the tort of assault and battery by gross negligence does not exist."  221 Mich. App. at 458.  While this is undeniably a correct summation of tort law, the Court notes that Plaintiff is entitled to plead in the alternative.  Plaintiff may properly allege assault, battery, false arrest and false imprisonment – all of which are intentional torts – and, in the

5

alternative, gross negligence.  As noted above, Plaintiff's only remaining claim under a gross

negligence theory is against Defendant Spencer for making the handcuffs on Plaintiff too tight.

### iii.  Deprivation of Constitutional Rights

Defendant Officers assert that they are not liable for Plaintiff's claim of deprivation of

Constitutional rights, in which Plaintiff claims that Defendant Officers violated her fourth

amendment rights against unreasonable searches and the restriction on the use of excessive force.

 Plaintiff seeks damages for these actions under 42 U.S.C. 1983.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .
> *42 U.S.C. 1983.*

Defendant Officers may be entitled to qualified immunity.  There is a two part test to

determine whether a public official is entitled to qualified immunity: (1) whether the facts alleged,

when viewed in the light most favorable to the party asserting injury, show that the officers' conduct

violated a constitutional right; and (2) whether the denied constitutional right was clearly established

at the time of the alleged violation, so that a reasonable official would understand that the conduct

at issue violated that right.  *Crockett v. Cumberland College,* 316 F.3d 571 (6th Cir. 2003).  If both

parts of this test are answered in the affirmative, Defendant Officers are not entitled to qualified

immunity.

If Defendant Officers are not entitled to qualified immunity, Plaintiff needs to demonstrate

that Defendant Officers' conduct was objectively unreasonable in the totality of the circumstances.

The evidence must be viewed in the light most favorable to Plaintiff.  For a police officer to have

6

probable cause for arrest, there must be facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing that the suspect has committed, is committing, or is about to commit an offense.  Probable cause only requires the probability of criminal activity, not a *prima facie* showing.  *Id.*

### a.  Fourth Amendment Violation of Allegedly Unreasonable Search

Here Plaintiff asserts she had a right to see the search warrant before Defendant Officers commenced their search, and that Defendant Officers violated her right to be free from unreasonable searches by refusing to show her the warrant before entering her home.

A major function of the warrant is to provide the property owner with sufficient information to reassure him of the legality of the entry.  *Michigan v. Tyler,* 436 U.S. 499, 508 (1978).  A warrant served after the search is completed cannot timely provide the property owner with sufficient information to reassure him of the legality of the entry.  *U.S. v. Gantt*, 194 F.3d 987 (9th Cir. 1999).  Absent exigent circumstances, Rule 41(d) of the Federal Rules of Criminal Procedure requires service of the warrant at the outset of the search on persons present at the search of their premises.  *Id*.  Plaintiff has not moved for summary judgment, however, there is no genuine issue of material fact relative to the Defendant Officers' failure to present the search warrant to Plaintiff before executing the search warrant.

By examining the facts, the Court determines that Defendant Officers' conduct did violate a constitutional right.  That right was clearly established at the time of the violation, so that a reasonable officer would understand that he violated Plaintiff's right by not presenting the search warrant at the outset of the search.  As a result, the Court finds Defendant Officers are not entitled to qualified immunity.  The Court also finds Plaintiff was present at the time of the search, it was

necessary to present the search warrant to reassure her of the entry's legality, and there were no exigent circumstances here that would allow Defendant Officers to enter Plaintiff's home without first showing her the search warrant.

### b.  Fourth Amendment Violation of Alleged Use of Excessive Force

Plaintiff also asserts that Defendant Officers violated her right to be free from use of excessive force by unnecessarily arresting her and using excessive force during the arrest and transportation of Plaintiff to the police station.  (*See Defendants' Motion for Summary Judgment, Page 4.*)

There is a genuine issue of material fact here as to the actions that were actually taken by both parties after Defendant Officers failed to present Plaintiff with a search warrant.  Qualified immunity shields Defendant Officers from liability if they did not violate Plaintiff's right to be free from excessive force and if a reasonable officer, under the circumstances of the particular arrest, would not understand and comprehend that a failure to respond to a complaint about tight handcuffs and to loosen them could result in a violation of excessive force.  *Graham v. Connor*, 490 U.S. 386, 396 (1989).  The Court has held above that Defendant Officers failed to present Plaintiff a copy of the search warrant when requested to do so.  Plaintiff's arrest came as a direct result of Defendant Officers' failure.  Under these circumstances, the Court finds Defendant Officers are not entitled to qualified immunity.

### C.  City of Detroit

### i.  Gross Negligence & Negligent Supervision and Training

Defendant City asserts that Plaintiff's claims of gross negligence (Count I) and negligent supervision and training (Count III) against it have been adjudicated and dismissed in a prior case,

so the claims are barred by claim preclusion.  (*See Defendants' Motion for Summary Judgment, Page 3.*)

A claim is barred by claim preclusion if (1) the prior action was decided on the merits, (2) the decree in the prior action was a final decision, (3) the matter contested in the second case was or could have been resolved in the first, and (4) both actions involved the same parties or their privies.  *Peterson Novelties, Inc. v. City of Berkley,* 259 Mich. App. 1, 11, 672 N.W. 2d 351, 359 (2003).

The four requirements of claim preclusion are met for Plaintiff's claim of gross negligence. The parties are the same and the claim is the same: vicarious liability for alleged gross negligence by police officers relating to this incident.  There was a final judgment decided on the merits holding that Michigan's governmental immunity statute bars tort liability against government agencies. *MCL §691.1407(1);  see Looney v. City of Detroit, Terhune, Case # 03-73428, Mem. Op. & Order of Sept. 29, 2004, at 3.*  The claim against Defendant City for vicarious liability due to gross negligence by Defendant Police Officers was dismissed in the earlier case.  The claim for gross negligence against Defendant City is barred by claim preclusion.

The four requirements of claim preclusion are met for Plaintiff's claim of negligent supervision and training as well.  The parties are again the same and the claim is the same: negligent training and supervision.  There was a final judgment issued on the merits finding that a claim of negligent training and supervision against Defendant City is barred by governmental immunity. *MCL §691.1407(1); see Looney v. City of Detroit, Terhune, Case # 03-73428, Mem. Op. & Order of Sept. 29, 2004, at 6.*  The claim against Defendant City for negligent training and supervision was dismissed in the preceding case.  The claim is barred by claim preclusion.

### ii. Deprivation of Constitutional Rights

Defendant City asserts that it cannot be held liable for Plaintiff's deprivation of Constitutional rights.  (*See Defendants' Motion for Summary Judgment, Page 3.*)

> A municipality cannot be held vicariously liable under § 1983 for the acts of its employees or agents.  Rather, municipal liability attaches only where a constitutional violation results from the "execution of a government's policy or custom."  Beyond having to identify "conduct properly attributable to the municipality" itself, a plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.
> *Cherrington v. Skeeter,* 344 F.3d 631 (6th Cir. 2003).

In this situation, Defendant City may be held vicariously liable for Plaintiff's deprivation of constitutional rights, but only if Defendant Officers are first found liable.  If Defendant Officers are found liable, Plaintiff must still prove that the Fourth Amendment violation resulted from the execution of a policy or custom of Defendant City.  To date, Plaintiff has not sufficiently supporting her policy or custom claim with evidence demonstrating a genuine issue of material fact.  Plaintiff merely asserts that "Detroit officers here clearly claim to be acting under authority of state statute to arrest." (Pl.'s Resp. at 16.)  Nowhere does Plaintiff point to a policy or custom of Defendant City regarding the refusal to show property owners a valid search warrant prior to the warrant's execution.  Plaintiff's deprivation of constitutional rights claim is therefore dismissed against Defendant City.

### D.  Exemplary Damages for All Defendants

Defendant Officers and Defendant City assert that they are not liable for exemplary damages because they are not liable for any of Plaintiff's claims.  (*See Defendants' Motion for Summary Judgment, Page 5.*)

10

> In order to justify an award of exemplary damages, act or conduct complained of must be voluntary and act must inspire feelings of humiliation, outrage, and indignity; act or conduct must also be malicious or so willful and wanton as to demonstrate a reckless disregard of plaintiff's rights.
>
> *McPeak v. McPeak*, 233 Mich.App. 483, 593 N.W.2d 180 (1999).

In this case, Defendant Officers may be found liable for gross negligence and / or deprivation of constitutional rights. Due to the required mental element for exemplary damages, negligence is not sufficient to justify an award of exemplary damages. *Veselenak v. Smith,* 414 Mich. 567, 574-575, 327 N.W.2d 261 (1982). Defendant Officer Spencer cannot be held liable for exemplary damages based on gross negligence. However, all Defendant Officers may be held liable for exemplary damages due to deprivation of constitutional rights. *Gordon v. Norman,* 788 F.2d 1194, 1199-1200 (6th Cir. 1986). Because the Court dismisses the deprivation of constitutional rights claim against Defendant City, Defendant City cannot be held liable for exemplary damages.

### E. Punitive Damages for All Defendants

Defendant Officers and Defendant City assert that they are not liable for punitive damages because they are not liable for any of Plaintiff's claims. (*See Defendants' Motion for Summary Judgment, Page 5.)* Punitive damages are awarded by a court against a defendant as a deterrent or punishment to redress an egregious wrong perpetrated by the defendant.

Defendant Officer Spencer may be found liable for gross negligence. As a result, Defendant Officer Spencer may be found liable for punitive damages due to gross negligence. *Peisner v. Detroit Free Press, Inc.*, 421 Mich. 125, 364 N.W.2d 600 (1984).

All Defendant Officers may be found liable for deprivation of constitutional rights. The United States Supreme Court has held that punitive damages for deprivation of civil rights may be awarded when the defendant willfully and intentionally violates another's civil rights or when the

11

defendant acts with reckless or callous indifference to the federally protected rights of others. *Smith v. Wade,* 461 U.S. 30, 56 (1983). As a result, all Defendant Officers may also be found liable for punitive damages due to deprivation of constitutional rights. Because the Court dismisses the deprivation of constitutional rights claim against Defendant City, Defendant City cannot be held liable for exemplary damages.


## IV. CONCLUSION

The claims of assault and battery and false imprisonment against Defendant Officers and Defendant City are dismissed due to the expiration of the statute of limitations. On the claim of gross negligence, (1) summary judgment is granted to all Defendant Officers except Defendant Officer Spencer; and (2) this claim against Defendant City is dismissed due to claim preclusion. On the claim of deprivation of constitutional rights, summary judgment is denied to Defendant Officers, but granted with respect to Defendant City. The claim of negligent training and supervision against Defendant City is dismissed due to claim preclusion. On the claim of exemplary damages, summary judgment is denied to Defendant Officers, but granted with respect to Defendant City. For the claim of punitive damages, summary judgment is denied to Defendant Officers, but granted with respect to Defendant City.


Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 20, filed March 31, 2005]** is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED that Defendant City of Detroit is DISMISSED from this action.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge


DATED:  August 26, 2005